1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9   CHRISTOPHER JAY SANCHEZ,

10              Plaintiff,

11        v.

12   KAREN BRUNSON *et* al.,

13              Defendants.

14

CASE NO.  C09-5068RJB/JRC

REPORT AND
RECOMMENDATION

Noted for July 24, 2009

15

16        This 42 §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge

17   pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judge's Rules

18   MJR 1, MJR 3, and MJR 4.  Before the court is defendants' motion to dismiss (Dkt # 16).

19   Plaintiff did not respond to the motion.  Local Rule 7 in pertinent part states:

20        If a party fails to file papers in opposition to a motion, such failure may be
          considered by the court as an admission that the motion has merit.
21

22   See Local Rule 7 (b)(2).

23                                    FACTS

24        Plaintiff alleges that defendant Lester Schneider has written false reports and provided

25   false information about the plaintiff in other court cases.  Plaintiff alleges that this information

26   results in a denial of proper classification and denial of a transfer to a minimum custody facility

(Dkt. # 6).  Plaintiff also alleges that Lester Schneider's sibling, Tracy Schneider, is the property room Sergeant.  Plaintiff alleges this defendant deleted property plaintiff owned from his property matrix.  The deletion of the property from the matrix results in the possibility of the property being confiscated.  Plaintiff alleges that he told Mr. Vail of the problems he was having with the Schneiders, but he received no relief from Mr. Vail.  Plaintiff asks that certain property be put on his matrix, for monetary damages, and he also requests federal oversight of the state prisons (Dkt. # 6).

There are three defendants in this action, Mr. Lester Schneider, Eldon Vail, Secretary of the Department of Corrections, and Sergeant Tracy Schneider.  A fourth defendant, Karen Brunson, was never served and is not before the court.

STANDARD OF REVIEW

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6)  either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

## DISCUSSION

Plaintiff did not respond to the motion for summary judgment. Accordingly, the court accepts as a verity the statement of facts as summarized in Defendants' motion to dismiss. Defendants state:

> Plaintiff Christopher Sanchez is a Washington State inmate who has filed a 42 U.S.C. § 1983 civil rights action alleging that prison investigator Lester Schneider falsified reports, discovery, and a declaration filed in a prior case in this Court to deny Plaintiff a transfer to a lower custody Department of Corrections (DOC) institution, and alleging that prison property room Sgt. Tracy Schneider failed to list some of Plaintiff's personal property on his DOC property matrix. Plaintiff has also sued DOC secretary Eldon Vail and former Clallam Bay Corrections Center (CBCC) superintendent Karen Brunson, alleging only that Plaintiff notified these two Defendants about the alleged misconduct of CBCC investigator Lester Schneider and that they failed to provide Plaintiff any relief. Plaintiff is no stranger to this Court, having previously filed six other federal civil rights actions in this Court since 2003.
>
> Defendants Vail, Lester Schneider, and Tracy Schneider now move to dismiss Plaintiff's action for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), for failure to state a claim upon which relief may be granted, and under the doctrine of qualified immunity.

(Dkt. # 16, pages 1 and 2).

A. *Exhaustion of administrative remedies.*

The burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is normally defendants. The court may consider evidence outside the pleading without converting the motion to a motion for summary judgment. <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003). A motion to dismiss for failure to exhaust administrative remedies is an unenumerated Fed. R. Civ. P. 12 (b) motion. <u>Id.</u> at 1119

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The act applies to plaintiff. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Defendants have placed before the court the affidavit of Grievance Coordinator Devon Schrum (Dkt. # 16, exhibit 1). The exhibit and its attachments show that plaintiff has failed to exhaust available remedies regarding any issue in this action prior to filing the action. Dismissal for failure to exhaust is usually a dismissal without prejudice. Accordingly, this court recommends that this action be **DISMISSED WITHOUT PREJUDICE**.

The court addresses the remaining grounds for relief in the alternative.

B.    *Failure to state a claim.*

1.    Lester Schneider.

The allegations against this defendant are that he submitted false statements and false reports to court.  Plaintiff alleges that because of Defendant Schnieder's actions, plaintiff's classification level has not been reduced and, therefore, he cannot transfer to a minimum custody prison.  It is well established that an inmate has no constitutional right to be housed at any particular prison.  Olim v Wakinekona, 461 U.S. 238 (1983).  Further, an inmate has no protected liberty interest in classification.  Hernandez v Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  Therefore, plaintiff's complaint fails to allege sufficient facts under a cognizable legal theory.

Plaintiff alleges violations of his Eighth Amendment and Fourteenth Amendment rights. Plaintiff fails to allege that he has suffered any physical injury.  To state a claim of cruel and unusual punishment, plaintiff must show an injury that is more than *de minimis*.  Sigler v. Hightower, 112 F.3d 191 (5th Cir. 1997).  Plaintiff fails to allege that any injury was objectively serious enough to be an Eighth Amendment violation.  Somers v Thurman, 109 F.3d 614 (9th Cir. 1997).  Further, as noted above, no liberty interest is at stake.  The allegations against this defendant fail as a matter of law.  This defendant would be entitled to dismissal with prejudice of the claims against him even if the claims had been exhausted.

2.    Eldon Vail.

The allegations against Defendant Vail are that he was informed of Defendant Schneider's acts and failed to take corrective actions.  Mr. Vail is the Secretary of the Washington State Department of Corrections. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the allegedly unconstitutional conduct. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Plaintiff must allege facts showing how an individually named defendant caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability or *respondeat superior* alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied* 502 U.S. 1074 (1992). Here, the allegations are that Defendant Vail was informed of the alleged wrongs after the fact. The allegations fail as a matter of law and this defendant would be entitled to dismissal of the claims against him with prejudice if the claims had been exhausted.

        3.      Tracy Schneider.

The allegations against Defendant Tracy Schneider are that she intentionally deleted items of personal property from Mr. Sanchez's property matrix. This claim was submitted as a grievance. Through the grievance process, Mr. Sanchez was able to obtain relief regarding any item he could prove he properly owned (Dkt # 16, Exhibit 1, attachments). The claim in this case is submitted as a retaliation claim. To establish a retaliation claim, an inmate must show that he was retaliated against for exercising constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); Barnett v. Centoni, 31 F.3d 813,

816 (9th Cir. 1994). The inmate has the burden of showing that retaliation was the substantial or motivating factor behind the conduct of the prison official and that the alleged retaliatory acts did not advance the legitimate goals of the institution or were not narrowly tailored to achieve such goals. Mt. Health City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Thomas v. Carpenter, 881 F.2d 828, 830 (9th Cir. 1989), cert. denied 494 U.S. 1028 (1990).

Plaintiff fails to allege that he was retaliated against for exercising any constitutional right. In fact, Plaintiff fails to allege any facts that would give rise to any constitutional violation. Thus, as written, this claim fails. However, amendment might cure the defect if the claim had been exhausted. This defendant would be entitled to dismissal, but this dismissal would be without prejudice, so that plaintiff has the option of seeking leave to amend alleging facts sufficient to give rise to a constitutional claim.

C.    *Qualified Immunity.*

Government officials are given qualified immunity from civil liability under § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In analyzing a qualified immunity defense, the Court must determine: (1) what right has been violated; (2) whether that right was so "clearly established" at the time of the incident that a reasonable officer would have been aware of its constitutionality; and (3) whether a reasonable public officer could have believed that the alleged conduct was lawful. See Gabbert v. Conn, 131 F.3d 793, 799 (9th Cir.1997); Newell v. Sauser, 79 F.3d 115, 117 (9th Cir.1996).

To be clearly established, the law must be sufficiently clear that a reasonable official would understand that his or her action violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). The court should look to whatever decisional law is available to determine whether

1   the law was clearly established at the time the alleged acts occurred.  <u>Capoeman v. Reed</u>, 754

2   F.2d 1512, 1514 (9th Cir. 1985).

3       Plaintiff has failed to allege that Defendants Lester Schneider and Eldon Vail have

4   violated clearly established law.  These two defendants would be entitled to qualified immunity

5   from suit.  Whether defendant Tracy Schneider would also be entitled to qualified immunity

6   depends upon her motivation in removing items from plaintiff's property matrix.  At this stage of

7   the proceedings the court cannot make that determination and the motion would fail as to this

8   defendant.

9

10                                                  <u>CONCLUSION</u>

11      Plaintiff has failed to exhaust administrative remedies.  Plaintiff fails to allege any facts

12  giving rise to a cognizable §1983 claim.  Therefore, the court recommends that this action be

13  DISMISSED WITHOUT PREJUDICE.

14      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed. R. Civ. P., the parties shall

15  have ten (10) days from service of this Report to file written objections.  <i>See also</i> Fed. R. Civ. P.

16  6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

17  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the

18  clerk is directed to set the matter for consideration on July 24, 2009, as noted in the caption.

19      Dated this 24th day of June, 2009.

20

21

22

23                                                  J. Richard Creatura
                                                    United States Magistrate Judge
24

25

26

REPORT AND
RECOMMENDATION - 8